(25 Misc. Rep. 624.)

## LAUFERTY v. MUTUAL RESERVE FUND LIFE ASS'N.

(Supreme Court, Special Term. New York County.  December, 1898.)

NOTICE OF TRIAL—SUFFICIENCY—DEFAULT.

The sufficiency of a notice of trial cannot be passed on, on a motion to compel the party to accept it. The moving party should take default, and the question could then come up on a motion to open the default.

Action by Joseph Lauferty against the Mutual Reserve Fund Life Association. Motion to compel defendant to accept notice of trial. Denied.

Hoff & Jacoby, for the motion.
George Burnham, Jr., opposed.

SCOTT, J.  The plaintiff, on December 19, 1898, served a notice of trial at special term for the first Tuesday of January, which the defendant promptly returned, because it did not conform to rule 7 of the rules regulating practice at special terms in this department, which prescribes that each special term shall commence on the "first Monday" of each month. The plaintiff now moves that defendant be compelled to accept the notice of trial, contending in the first place that inasmuch as the first Monday of January, 1899, will be a legal holiday, the term will, notwithstanding the language of the rule, commence on the following Tuesday; and, secondly, that, even if the notice of trial was irregular, still the irregularity was one which could not have misled the defendant. This motion is not the proper method by which to test the sufficiency of the notice. The court has no power to compel the defendant to accept it. He has returned it, and. in so doing, has assumed the responsibility of treating it as a nullity. If the plaintiff is satisfied of its sufficiency, he can disregard the return of the notice, and proceed with his action, taking judgment by default when the cause is reached on the calendar. A motion to open that default would regularly raise the question as to the sufficiency of the notice of trial.  Koehler v. Kelly, 7 Civ. Proc. R. 81. If the plaintiff's purpose in insisting upon the sufficiency of the notice is merely to secure an early trial of the action, he can accomplish that object much more certainly by accepting the return of the notice, and renoticing the cause for the February term, than he can by litigating

the doubtful question of the regularity of the disputed notice. It is true that the defendant cannot have been misled or prejudiced by the notice in the form in which it was served, and the objection thereto is extremely technical. Still, if the notice were irregular, the defendant acted within his strict right in returning it. The motion will be denied, but, under the circumstances, without costs.

Motion denied, without costs.